**WO** MDR

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. CR 07-544-TUC-SMM |
| Plaintiff, | No. CV 08-684-TUC-SMM |
| v. | **ORDER** |
| Abraham Heredia-Oliva, | |
| Defendant/Movant. | |

On December 22, 2008, the Court received a "Petition § 2255" (Doc. 1) that Movant Abraham Heredia-Oliva had sent to the Ninth Circuit Court of Appeals. The Court will dismiss the § 2255 motion without prejudice because the Court lacks subject matter jurisdiction over this second habeas petition.

**I.    Background**

Pursuant to a plea agreement, Movant pled guilty to Illegal Re-entry after Deportation, in violation of 8 U.S.C. § 1326(a), enhanced by (b)(2). On May 30, 2008, the Court sentenced Movant to a 51-month term of imprisonment followed by 36 months on supervised release (Doc. 43).

On June 4, 2008, Movant filed a Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody pursuant to 28 U.S.C. § 2255 (Doc. 44). In a June 9, 2008 Order, the Court summarily dismissed the Motion, concluding that Movant had waived the right to file a § 2255 Motion (Doc. 46). The Clerk of Court entered Judgment accordingly (Doc. 47). Movant's current § 2255 Motion, therefore, is his **second** § 2255 Motion.

## II.   Discussion

Under 28 U.S.C. §§ 2255 and 2244, a movant may not file a second or successive § 2255 motion in the district court unless the movant has obtained a certification from the Ninth Circuit Court of Appeals authorizing the district court to consider the second § 2255 motion.  28 U.S.C. 2244(b); 28 U.S.C. 2255.

The Court already rejected Movant's first § 2255 motion.  Movant's current motion, therefore, is his second § 2255 motion.  Because Movant has failed to obtain permission from the Ninth Circuit before filing this second § 2255 motion, the Court lacks subject matter jurisdiction over the second § 2255 motion and must dismiss it.  See United States v. Allen, 157 F.3d 661, 664 (9th Cir. 1998) (concluding that the district court lacked jurisdiction to consider a successive § 2255 motion when movant had failed to request certification from the appellate court prior to filing successive § 2255 motion in the district court); United States v. Alvarez-Ramirez, 128 F. Supp. 2d 1265, 1267 (C.D. Cal. 2001) (dismissing a second § 2255 motion for lack of subject matter jurisdiction because movant failed to obtain Ninth Circuit certification).  The Court, however, will dismiss the case without prejudice so that Movant can seek certification from the Ninth Circuit Court of Appeals to file a second or successive § 2255 motion.

Pursuant to Ninth Circuit Rule 22-3(a), the Court will direct the Clerk of Court to refer Movant's second § 2255 motion to the Ninth Circuit Court of Appeals.  Moreover, the Court will direct the Clerk of Court to provide Movant with a form recommended by the Ninth Circuit for filing an Application for Leave to File Second or Successive Petition Under 28 U.S.C. § 2254 or Motion Under 28 U.S.C. § 2255.

Accordingly,

**IT IS HEREBY ORDERED:**

(1)   Movant's "Petition § 2255" (Doc. 51 in CR-07-544-TUC-SMM) is **denied without prejudice** and the civil action opened in connection with this Motion (CV 08-684-TUC-SMM) is **dismissed without prejudice** to allow Movant to seek certification from the Ninth Circuit Court of Appeals to file a second or successive § 2255 motion.

- 2 -

1     (2)     The Clerk of Court must send a copy of this Order and Movant's December 22, 2008 "Petition § 2255" (Doc. 51 in CR-07-544-TUC-SMM) to the **Ninth Circuit Court of Appeals** and to **Plaintiff**.

    (3)     The Clerk of Court must provide Movant with a copy of the form recommended by the Ninth Circuit Court of Appeals for filing an Application for Leave to File Second or Successive Petition Under 28 U.S.C. § 2254 or Motion Under 28 U.S.C. § 2255.

DATED this 29th day of January, 2009.

_____
Stephen M. McNamee
United States District Judge